UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

JUSTIN C. QUANTRELL,

                Plaintiff,                            Case No. 1:06-cv-650

v.                                                Honorable Gordon J. Quist

STATE OF MICHIGAN,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff purports to bring this action under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff is incarcerated in the Florence Crane Correctional Facility.  Plaintiff is

serving a sentence of three to fifteen years imposed by the Eaton County Circuit Court on

November 8, 2001, after Plaintiff pleaded guilty to third-degree criminal sexual conduct.[1]  In his *pro*

*se* action for declaratory judgment, Plaintiff claims that in 1974 the Michigan state legislature passed

the statute governing criminal sexual conduct (CSC) in violation of the Michigan Constitution.  For

relief, Plaintiff seeks a declaration that the CSC statute violates Michigan Constitution Article IV

§§18, 24, 25, and 26.  He further requests a declaration that:

> MCLA 750.520 "Criminal Sexual Conduct Law" (in Michigan) is illegal, non-
> existent, is of no force and that any and all judgments rendered by any Michigan
> Court, as to Petitioner being guilty of violating this illegally passed law, be
> VACATED and considered NULL and VOID.

(Compl., 19, docket #1.)   Several other prisoners at the Florence Crane Correctional Facility have

filed identical complaints for declaratory relief.  *See Hobby v. State of Michigan*, No. 1:06-cv-617

(W.D. Mich.); *Borah v. State of Michigan*, No. 1:06-cv-651 (W.D. Mich.); *Friske v. State of*

*Michigan*, 1:06-cv-648 (W.D. Mich.).

II.       Failure to state a claim

Plaintiff seeks to invoke this Court's jurisdiction pursuant to the Declaratory

Judgment Act, 28 U.S.C. § 2201.  It is well established that the Declaratory Judgment Act is not an

independent source of federal jurisdiction.  *Schilling v. Rogers,* 363 U.S. 666 (1960); *Skelly Oil Co.*

*v. Phillips Petroleum Co.,* 339 U.S. 667 (1950); *Louisville & Nashville R. Co. v. Donovan*, 713 F.2d

1243, 1245 (6th Cir. 1983)*; Mich. Sav. & Loan League v. Francis,* 683 F.2d 957 (6th Cir. 1982).

---

[1]Information regarding Plaintiff's convictions and sentences was obtained from the Michigan Department of
Corrections Offender Tracking Information System.

"The Act only provides courts with discretion to fashion a remedy." *Heydon v. MediaOne of Southeast Mich., Inc.,* 327 F.3d 466, 470 (6th Cir. 2003). "[B]efore invoking the Act, the court must have jurisdiction already." *Id.* Thus, a plaintiff cannot obtain declaratory relief unless this Court has jurisdiction on some other basis.

Here, Plaintiff does not allege any basis for the Court's jurisdiction in this case. To the extent Plaintiff challenges the fact of duration of confinement, he must file a petition for habeas corpus relief under 28 U.S.C. § 2254. Furthermore, Plaintiff cannot successfully invoke the Court's jurisdiction under the civil rights statute because he does not assert a violation of a federal right. Plaintiff asserts only that the CSC statute was passed in violation of the Michigan Constitution. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, Plaintiff's action against the State of Michigan should be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  January 16, 2007                   /s/ Hugh W. Brenneman, Jr.
                                           Hugh W. Brenneman, Jr.
                                           United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).