UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JUSTIN C. QUANTRELL,

      Plaintiff,

v.                                                     Case No. 1:06-CV-650

STATE OF MICHIGAN,                      HON. GORDON J. QUIST

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objection to the report and recommendation dated January 16, 2007, in which Magistrate Judge Brenneman recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim. In particular, the magistrate judge concluded that Plaintiff's invocation of jurisdiction pursuant to the Declaratory Judgment Act does not allege a valid basis for this Court's jurisdiction because the Declaratory Judgment Act does not provide an independent source of federal jurisdiction. The magistrate judge further concluded that to the extent Plaintiff seeks to assert a claim pursuant to 42 U.S.C. § 1983, he does not state a claim because he does not allege a violation of a federal constitutional right. Finally, the magistrate judge noted that dismissal is required to the extent that Plaintiff is challenging the fact or duration of his confinement because such an action should be brought as a petition for habeas corpus under 28 U.S.C. § 2254. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In objecting to the report and recommendation, Plaintiff emphasizes his attempt to add the Governor as a defendant in this case. This argument relies upon *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), which holds that suits against state officials in their official capacity for

prospective injunctive relief are permissible because they are, in effect, suits against the officials in their individual capacities. Even if *Ex Parte Young* applied, it would still not save Plaintiff's complaint from the fact that he has not alleged a violation of his federal constitutional rights, nor has he shown that the magistrate judge incorrectly concluded that the Declaratory Judgment Act does not provide a basis for federal court jurisdiction. In an effort to avoid dismissal, Plaintiff cites a laundry list of possible federal constitutional violations, including violation of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights. However, a claim that a state criminal law was passed in violation of the state constitution is not cognizable in either a section 1983 action or a habeas corpus action. *Estelle v. McGuire*, 502 U.S. 62, 71, 112 S. Ct. 475, 481-82 (1991) (error under state law cannot form basis for federal habeas corpus relief); *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689 (1979) (federal civil rights complaint may not be brought to redress violations of state law). If Plaintiff has a meritorious claim, which the court is not deciding, his remedy lies in state court. Therefore.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 16, 2007 (docket no. 7), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim. Finally, this Court finds no good-faith basis for an appeal of this matter within 28 U.S.C. § 1915(a)(3).

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

This case is **concluded**.

Dated: February 8, 2007   /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

2